United States District Court
Southern District of Texas
**ENTERED**
January 02, 2018
David J. Bradley, Clerk

# United States District Court
Southern District of Texas
**Holding Session in Corpus Christi**

United States of America
v.
**THOMAS CLIFFORD LOVETTE**

**AMENDED REVOCATION JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

Case Number: **2:15CR00951-001**

☐ See Additional Aliases sheet.

Date of Original Judgment: **July 6, 2016**
(or Date of Last Amended Judgment)

*Christopher Atkinson Jenkins, AFPD
Defendant's Attorney

**Reason for Amendment**

☒ Correction for Sentence on Remand (Fed. R. Crim. P. 35(a))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35©)
☐ Correction for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §3563© or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. §3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C § 2255 or ☐ 18 U.S.C. §3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☒ admitted guilt to violation of condition(s)   1, 2, and 3   of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilty.

| Violation | Nature of Violation | Date of Violation |
|---|---|---|
| 1 | Law Violation - Fraud | 07/26/2015 |
| 2 | Law Violation - Fraudulent or Fictitious Military Record | 07/26/2015 |
| 3 | Law Violation - False Claims about Receipt of Military Decorations or Medals | 07/26/2015 |

☐ See Additional Violations sheet.

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.   XXX-XX-2459

Defendant's Date of Birth:   XX/XX/1966

Defendant's USM No.:   38373-044

Defendant's Residence Address:
Corpus Christi, Texas

Defendant's Mailing Address:
Corpus Christi, Texas

December 19, 2017
Date of Imposition of Judgment

/s/ Nelva Gonzales Ramos
Signature of Judge

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE
Name and Title of Judge

December 30, 2017
Date

JS/306870
MJ

DEFENDANT: **THOMAS CLIFFORD LOVETTE**     Judgment - Page 2 of 6
CASE NUMBER: **2:15CR00951-001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ____6 months____.
This sentence is to be served consecutively to Docket No. 2:15CR00895-001.

☐ See Additional Imprisonment Terms.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

**RETURN**

I have executed this judgment as follows:

Defendant delivered _____ to _____
at _____ , with certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   __30 months__.

This term of supervised release is to run concurrently with Docket No. 2:15CR00895-001.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. (for offenses committed on or after September 13, 1994)

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.
- ☒ The defendant shall not possess a firearm, ammunition, destructive device or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

☒     See Special Conditions of Supervision

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **THOMAS CLIFFORD LOVETTE**  
CASE NUMBER: **2:15CR00951-001**

Judgment - Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

**PROHIBITION FROM POSSESSION OF CREDIT ACCESS DEVICE**: The defendant is prohibited from possessing a credit access device such as a credit card unless first authorized by the probation officer.

**ACCESS TO FINANCIAL RECORDS/NEW CREDIT PROHIBITION**: The defendant is required to provide the probation officer access to any requested financial information. If a fine or restitution amount has been imposed, the defendant is prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer, unless the defendant is in compliance with the fine or restitution payment schedule.

**OTHER**: Provide copies to U.S. Probation Officer of all employment applications and/or resumes submitted to potential employers.

**\*MENTAL HEALTH TREATMENT**: You must participate in a mental-health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program, including the provider, location, modality, duration, and intensity. You must pay the cost of the program, if financially able.

You must take all mental-health medications that are prescribed by your treating physician. You must pay the costs of the medication, if financially able.

Amended Judgment in a Criminal Case for Revocations    Case 2:15-cr-00951   Document 41   Filed on 12/30/17 in TXSD   Page 5 of 6

Sheet 5 - Criminal Monetary Penalties

DEFENDANT: **THOMAS CLIFFORD LOVETTE**  Judgment - Page 5 of 6
CASE NUMBER: **2:15CR00951-001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties under the schedule of payments on sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ | $ | $ 97,470.41 |

This is not a new monetary penalty. This is the balance remaining from the original criminal monetary penalty.

☐    See Additional Terms for Criminal Monetary Penalties Sheet.

☐    The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

☐    The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **Amount of Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| United States Department of Veterans Affairs | $97,470.41 | $97,470.41 | 0% |

☐    See Additional Restitution Payees Sheet.

| **TOTALS** | $97,470.41 | $97,470.41 | |

☐    Restitution amount ordered pursuant to plea agreement $ _____

☐    The defendant must pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒    The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☒ the interest requirement is waived for the    ☐ fine and/or    ☒ restitution.
the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

☐    Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: **THOMAS CLIFFORD LOVETTE**  Judgment - Page 6 of 6
CASE NUMBER: **2:15CR00951-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒ Lump sum payment of $97,470.41 due immediately, balance due

  ☐ not later than _____ , and/or
  ☒ in accordance with ☐ C, ☐ D, and/or ☒ F, below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐ Payment in equal _____ installments of _____ over a period of _____ to commence _____ days after the date of this judgment; or

D  ☐ Payment in equal _____ installments of _____ over a period of _____ to commence _____ days after release from imprisonment to a term of supervision; or

E  ☐ Payments during the term of supervised release will commence within _____ days after release from imprisonment. The court will set the payment plan based on an assessment of the defendants ability to pay at that time; or

F  ☒ Special instructions regarding the payment of criminal monetary penalties;

Payable to: Payments to begin immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid towards the unpaid restitution balance within 15 days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the address below.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to:

Clerk, U.S. District Court
Attn: Finance
1133 N. Shoreline Blvd., Ste. 208
Corpus Christi, Texas 78401

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Case Number
Defendants and Co-Defendant Names            Joint and Several      Corresponding Payee,
(including defendant number)     Total Amount      Amount           if appropirate

☐  See Additional Defendants Held Joint and Several sheet.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

☐  See Additional Forfeited Property Sheet.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

☐  The defendant shall pay the following court cost(s):